**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 06-4177**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL ALLEN KENNEY,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (2:00-cr-00104)

───────────────

Submitted: October 18, 2006     Decided: November 14, 2006

───────────────

Before TRAXLER, KING, and GREGORY, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Joanne Vella Kirby, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Allen Kenney was charged with violating supervised release by committing a crime. Specifically, his probation officer alleged that Kenney violated release by operating a clandestine methamphetamine laboratory in Putnam County, West Virginia. Kenney denied the charge. Following a hearing, the district court found by a preponderance of the evidence that Kenney had violated release as charged. The court revoked Kenney's release and imposed a sentence of twenty-four months. Kenney appeals. We affirm.

Kenney contends that the district court erred by finding by a preponderance of the evidence, see 18 U.S.C. § 3583(e)(3) (2000), that Kenney participated in the manufacture or attempted manufacture of methamphetamine. Testimony at the hearing revealed that state police officers who responded to a trailer in Putnam County noticed a strong smell of methamphetamine emanating from inside the trailer. Officers discovered inside the trailer precursor chemicals and paraphernalia used in the manufacture of methamphetamine. When officers announced their presence, Kenney fled out the trailer's back door. Finally, Kenney's girlfriend, Jessica Searls, gave a written statement that she and Kenney were at the trailer so that he could manufacture methamphetamine. We conclude on the basis of this evidence that the district court did

not abuse its discretion in finding that Kenney had violated a term of his release as charged.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

AFFIRMED